**IN THE COURT OF APPEALS OF IOWA**

No. 19-2066
Filed April 1, 2020

**IN THE INTEREST OF R.C.,**
**Minor Child,**

**R.C., Father,**
       Appellant.
_____

       Appeal from the Iowa District Court for Scott County, Korie Shippee, District

Associate Judge.


       A father appeals the termination of his parental rights.  **AFFIRMED.**


       Grishma Arumugam, Bettendorf, for appellant father.

       Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

       Rebecca Ruggero, Davenport, attorney and guardian ad litem for minor

child.


       Considered by Bower, C.J., Ahlers, J., and Vogel, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**VOGEL, Senior Judge.**

The father of R.C., born in November 2011, appeals the termination of his parental rights asserting the Iowa Department of Human Services (DHS) failed to offer him adequate reunification services and, in lieu of termination, the juvenile court should have established a guardianship for R.C. Because the father has had little to no relationship with R.C. and has been incarcerated most of R.C.'s life, we affirm the juvenile court's order.

R.C. came to the attention of DHS in January 2018 upon concerns the mother was using methamphetamine and not providing adequate care.[1] At the time, the father was in an Iowa Department of Corrections work-release facility. An ex parte removal order was entered on January 29, and R.C. has been in the care of her grandparents since that time.[2] After more than one year passed with no progress towards reunification, the State petitioned for termination of the father's parental rights. The matter came on for hearing on September 30, 2019, and continued on November 15. The father, still incarcerated, participated and testified in the hearing. The court entered its order of termination on November 27; the father appeals.

We review termination-of-parental-rights proceedings de novo. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). While we give weight to the juvenile court's factual findings, we are not bound by them. *Id.* The primary concern is the child's best interests. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

---

[1] The mother's parental rights were also terminated. She does not appeal.
[2] R.C. was initially cared for by her maternal grandmother, but she soon moved to her maternal grandfather and his wife's home, where she has remained.

The father's rights were terminated under Iowa Code section 232.116(1)(b), (e), and (f) (2019). He does not contest the elements of any of those paragraphs,[3] but he does claim DHS did not make reasonable efforts towards reunification, specifically visitation opportunities. The reasonable-efforts requirement is not viewed as a strict substantive requirement of termination. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts. *Id.* In this case, the father failed to raise his lack of visitation during the underlying proceedings. Therefore, error was not preserved. *See In re L.M.,* 904 N.W.2d 835, 840 (Iowa 2017) (holding objection to a lack of services is waived if not requested early in the process so appropriate changes can be made).

Assuming error was preserved and considering the father's complaint, the record shows the father was offered visitation in March 2018, after the adjudication hearing, when the father was on work release. However, he did not show up for the prearranged meeting. Again in February 2019, he was offered supervised visitation, but he refused to participate, claiming his visits with R.C. did not need to be supervised. During his phone conversation with the DHS worker, he became belligerent, finally hanging up on the worker. The father's claim is without merit.

The father next asserts a guardianship should have been established for R.C. in lieu of termination. He does not object to R.C. living with her maternal grandparents, even claiming he liked them and they are "cool" people. Considering the father's extensive criminal history, including his undetermined

---

[3] We typically perform a three-step analysis, beginning with the statutory grounds for termination, when reviewing a termination of parental rights. *See In re P.L.,* 778 N.W.2d 33, 40–41. We need not discuss any step the father does not dispute. *See id.*

release date from custody,[4] the juvenile court wisely found it was in the child's best interests to deny the father's request. "[A] guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018) (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)).

We affirm the termination of the father's parental rights.

**AFFIRMED.**

---

[4] The father testified he was currently in solitary confinement and was informed he would not be eligible for parole until 2025.